ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN -6 PM 4: 12

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DONALD RUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 105-177 |
| | ) | |
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Noting pleading deficiencies, on March 16, 2006, the Court ordered Plaintiff to amend his complaint. (Doc. no. 12.) In response, Plaintiff has filed an amended complaint (doc. no. 15), as well as a motion for a temporary restraining order. (Doc. no. 17.) Because Plaintiff, a prisoner incarcerated at the Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, filed this action *in forma pauperis*, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for Plaintiff's failure to state a claim upon which relief may be granted and that Plaintiff's motion for a temporary restraining order be **DENIED**.

I.    BACKGROUND

In his original complaint, Plaintiff brought essentially three sets of claims: 1) claims regarding his medical treatment while a patient at the "Swainsboro Nursing Home" ("the Home"), 2) claims regarding the revocation of his "medical reprieve," and 3) claims regarding prison conditions at ASMP which purportedly violate the Eighth Amendment and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S. § 12131, *et seq*. Because these claims did not arise out of the same "transaction or occurrence," share a "logical relationship," or involve all the entities and individuals named in the original complaint, the Court ordered Plaintiff to amend his complaint and to select a group of related claims to pursue. (Doc. no. 12, pp. 3-5.)

In response, Plaintiff has filed an amended complaint. Like his original complaint, this document is written in a "stream of consciousness" style that it is nearly indecipherable.[1]

---

[1] Perhaps of note, the Court has seen the scrawled handwriting and nearly impenetrable writing "style" of Plaintiff's filings on many occasions. There can be little doubt that Plaintiff's filings have been penned by Tracy Anthony Miller, a notorious serial filer upon whom the Court recently imposed injunctive sanctions. See Miller v. Donald, CV 105-153 (S.D. Ga. Dec. 28, 2005), *appeal docketed*, No. 06-10536-F (11th Cir. Mar. 16, 2006). In fact, the amended complaint was actually mailed to the Court by Mr. Miller from his present place of incarceration, the Georgia State Prison in Reidsville, Georgia. (See doc. no. 15, p. 4.) Thus, aside from the obvious problem that Plaintiff has not signed his pleading as required by Fed. R. Civ. P. 11(a), Plaintiff has made a very poor choice in selecting a "jailhouse lawyer."

That said, the Court will not penalize Plaintiff for his poor choice. Cf. Adams v. James, 784 F.2d 1077, 1081 (11th Cir. 1986) (prisoner has right to legal assistance from other inmates). Nevertheless, the Court should point out that Mr. Miller "does not have an independent right to help other prisoners with their legal claims. Rather, a 'jailhouse lawyer's' right to assist another prisoner is wholly derivative of that prisoner's right of access to the courts." Thaddeus-X v. Blatter, 175 F.3d 378, 395 (6th Cir. 1999) (citation omitted); see also Shaw v. Murphy, 532 U.S. 223, 225 (2001) (inmate does not have First Amendment right to provide legal assistance to other inmates). In addition, although Plaintiff has a general right to help from other inmates, he does not have a right to assistance from any particular inmate, including Mr. Miller. Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996). More to the point, Mr. Miller does not possess any legal right or authority to represent Plaintiff as if he were a licensed attorney. Thomas v. Estelle, 603 F.2d 488, 489 (5th Cir. 1979) (*per curiam*). Simply put, Mr. Miller's submission of court papers on Plaintiff's behalf (without Plaintiff's signature) was improper. The amended complaint is thus not properly before the Court. Nevertheless, in the interest of justice, the Court will resolve the matter on the merits.

2

Construing Plaintiff's amended complaint *liberally*, the Court finds the following. Plaintiff names the following Defendants: (1) the State of Georgia; (2) the Home, (3) Dr. Wilson Pias, (4) unspecified "nurses," (5) Taylor Bird, (6) Sharon Thomas, and (7) Bill Irby. (Doc. no. 15, p. 1.) According to Plaintiff, the named individual Defendants are the owners and employees of the Home. (Id. at 5.) Plaintiff maintains that, while a patient at the Home, he received grossly inadequate medical care in violation of the Eighth Amendment and Title II of the ADA. (Id. at 6-7.) Plaintiff also contends that Defendants "retaliated" against him for complaining about conditions at the Home by having his medical reprieve revoked, resulting in his present incarceration. (Id.)

After filing his amended complaint, Plaintiff filed a motion for a temporary restraining order.[2] (Doc. no. 17.) Therein, Plaintiff complains of horrific conditions at

---

[2]Actually, Plaintiff's motion was submitted by Tony Goodman, an inmate at the Georgia State Prison in Reidsville, Georgia. (See generally doc. no. 17.) As the Court has discussed *supra* at footnote 1, the submission of court papers on Plaintiff's behalf by other prisoners (without Plaintiff's signature) is problematic. Of note, like Mr. Miller (see discussion at footnote 1), Mr. Goodman is a serial filer of frivolous lawsuits who is well-known to the Court. See, e.g., Goodman v. Howerton, CV 503-028, doc. no. 3, *adopted by*, doc. no. 5 (S.D. Ga. May 22, 2003) (dismissing complaint as barred by 28 U.S.C. § 1915(g)). The Court's concerns regarding the actions of Mr. Miller and Mr. Goodman in this case are obvious. Nevertheless, for the reasons explained *supra* at footnote 1, the Court will address the motion on the merits.

That said, Plaintiff's reliance upon Messrs. Goodman and Miller is risky business. The Court has explained to Plaintiff the significance of 28 U.S.C. § 1915(g):

> [A] prisoner cannot bring a new civil action or appeal judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted.

(Doc. no. 3, p. 2 (citing 28 U.S.C. § 1915(g)). In addressing the analogous situation of multi-plaintiff prisoner suits, the Western District of Wisconsin has observed:

> [F]or the *pro se* litigant who lets another inmate prosecute a joint action on his behalf, there is significant potential for adverse consequences. Under the 1996 Prison Litigation Reform Act, prisoners who file claims that lack legal merit or who sue defendants who are immune from suit are subject to the three-strike provision in 28 U.S.C. § 1915. In some instances, courts impose other sanctions as well on persons who bring lawsuits that lack merit. A *pro se* litigant who lets another inmate file a joint complaint for him may find himself denied the

ASMP which he contends violate the Eighth Amendment and Title II of the ADA. (See generally id.) Having set forth Plaintiff's allegations, the Court resolves the matter as follows.

## II.  DISCUSSION

First, the Court addresses Plaintiff's attempt, via his motion for temporary restraining order, to press claims for unconstitutional conditions of confinement at ASMP. (See doc. no. 17.) Upon ordering Plaintiff to file an amended complaint, the Court instructed Plaintiff to include all Defendants in both the caption and body of his amended complaint and to state all claims he "wish[ed] the Court to consider as a basis for awarding the relief sought." (Doc. no. 12, p. 6.) The Court also warned him that his amended complaint would replace and supercede entirely his previous complaint. (Id. at 4 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Of note, in his motion for temporary restraining order, Plaintiff does not seek leave of court nor express any desire to amend his complaint a second time. Fed. R. Civ. P. 15(a).

Plaintiff's amended complaint contains no allegations regarding events at ASMP. Nor does it name any Defendants, other than the State of Georgia, which have any

---

opportunity to file suits without prior payment of the full filing fee or subjected to monetary sanctions.

Lindell v. Litscher, 212 F. Supp.2d 936, 943-44 (W.D. Wis. 2002).
    Plaintiff should think carefully before entrusting his court-filing activity to another inmate. In a very real sense, the Court does Plaintiff no favors by considering the documents filed on his behalf by Messrs. Miller and Goodman.

4

connection to ASMP. In addition, while raising complaints regarding conditions of confinement at ASMP, the motion for temporary restraining order makes no attempt to name any additional Defendants not named in the amended complaint. Because Plaintiff's amended complaint neither names any Defendant at ASMP, nor attempts to raise claims regarding conditions at ASMP, any claims regarding events at ASMP should be dismissed.[3] More generally, given the Court's simple and clear instructions regarding amendment, the Court will not consider any claims or Defendants omitted from the amended complaint.

Also of note, the motion for temporary restraining order, despite its title, does not actually ask the Court for any specific injunctive relief. (See generally doc. no. 17.) Instead, the document appears to present an argument for the applicability of the ADA to state prisons. (See id.). Construed liberally, the motion at best asks the Court to ensure that the ADA and the Constitution are respected at ASMP. Fed. R. Civ. P. 65(d) requires requests for injunctions to be specific--an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999). As Plaintiff's motion does not conform to the specificity requirement of Rule 65(d), it should be denied.

In addition, an injunction or temporary restraining order is "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d). Here, where Plaintiff has not named any Defendants at ASMP, there is no one to whom the Court may direct a temporary

---

[3]The Court will address Plaintiff's attempt to sue the State of Georgia *infra*.

5

restraining order.

Regardless, a party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537. As explained herein, Plaintiff has failed to state a viable claim against any named Defendant. Thus, he has clearly failed to show a substantial likelihood that he will prevail on the merits. In sum, the motion for a temporary restraining order should be denied.

Next, the Court addresses the claims in Plaintiff's amended complaint, which pertain solely to injustices Plaintiff purportedly suffered while a patient at a private nursing home. Plaintiff brought the instant case pursuant to 42 U.S.C. § 1983. Plaintiff has already been informed that any attempt to bring these claims under § 1983 faces a formidable obstacle--the Home, its owners, and its employees are not "state actors." (See doc. no. 8, pp. 1-2.) Plaintiff has not proffered any basis for concluding otherwise. Neither is the Court aware of any such basis. See, e.g., Blum v. Yaretsky, 457 U.S. 991, 1004 (1982) (fact that nursing home was extensively regulated insufficient to convert it into a state actor); Mitchell v. Home, 377 F. Supp.2d 361, 370 (S.D.N.Y. 2005) (private nursing home not a state actor).

Simply put, Defendants (excepting the State of Georgia) did not become state actors merely by rendering medical care to Plaintiff while he was on parole.

Of course, Plaintiff also seems to believe that Defendants had some role in the revocation of his medical reprieve. If indeed the private Defendants were allowed to substitute their judgment for that of the Georgia Board of Pardons and Paroles ("Board"), see Ga. Const., Art. IV, § 2, ¶ II (giving the Board authority to grant parole, including medical reprieves); O.C.G.A. § 42-9-44 (giving Board authority to revoke parole), Plaintiff would have an arguably viable claim. See Jones v. Eagleville Hosp. and Rehab. Ctr., 588 F. Supp. 53, 56 (E.D. Pa. 1984). However, Plaintiff has not set forth any facts showing that the private Defendants had any power to revoke his parole. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir.1984) ("In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). In sum, Plaintiff has not identified any viable § 1983 claim against the private Defendants.

Nor has he stated a viable claim under Title II of the ADA against the private Defendants. Title II of the ADA pertains to public entities, not private entities or individuals. See 42 U.S. § 12131, *et seq.* Thus, Title II provides no basis for liability against the private Defendants.

Of course, Plaintiff ultimately lays the blame for his plight upon the State of Georgia. Unfortunately for Plaintiff, the State of Georgia is immune from suit under § 1983. See, e.g., Kitchen v. CSX Transp., Inc., 6 F.3d 727, 731 (11th Cir. 1993) ("The state of Georgia is immune to suit for any cause of action unless sovereign immunity is expressly waived by constitutional provision or statute."); see also Alabama v. Pugh, 438 U.S. 781, 782 (1978)

(*per curiam*)(suit against State under § 1983 barred by Eleventh Amendment). Nor may Plaintiff complain that the State has violated Title II of the ADA, where the actions of which he complains were taken by private actors who had no connection with the State.

As Plaintiff has not stated any cognizable claims in his amended complaint, the instant suit should be dismissed.

### III.  CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted and that Plaintiff's motion for a temporary restraining order be **DENIED**.

SO REPORTED and RECOMMENDED this 6th day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE