IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUN 22  AM 8: 13

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| DONALD RUCKER,                ) | |
| Plaintiff,                    ) | |
| v.                            ) | CV 105-177 |
| STATE OF GEORGIA, et al.,     ) | |
| Defendants.                   ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The captioned matter, brought pursuant to 42 U.S.C. § 1983, is before the Court on Plaintiff's third motion for preliminary injunctive relief. (Doc. no. 20.) Of note, the undersigned has issued a Report and Recommendation that this case be dismissed for failure to state a claim upon which may be granted.[1] (Doc. no. 18.) Before addressing the pending motion for a preliminary injunction, it will be helpful to explain the procedural history of this case, including the disposition of Plaintiff's two previous motions for preliminary injunctive relief.

### I.   BACKGROUND

Plaintiff's original complaint

brought essentially three sets of claims: 1) claims regarding his medical treatment while a patient at the "Swainsboro Nursing Home" ("the Home"), 2) claims regarding the revocation of his "medical reprieve," and 3) claims regarding prison conditions at ASMP [Augusta State Medical Prison] which purportedly violate the Eighth Amendment and Title II of the Americans with

---

[1] Plaintiff has filed no objections to the Court's Report and Recommendation. Of note, the time in which to do so has not yet expired. (See doc. no. 19.)

Disabilities Act ("ADA"), 42 U.S. § 12131, *et seq.*
(Doc. no. 18, p. 2.) After filing his original complaint (but before the Court conducted its initial screening pursuant to 28 U.S.C. § 1915(e)), Plaintiff filed a motion for a preliminary injunction. (Doc. no. 11.) Therein, Plaintiff complained of conditions at ASMP and asked the Court to order Defendants "to comply with federal law." (Id. at 1.)

Due to pleading deficiencies in the original complaint, on March 16, 2006, the Court ordered Plaintiff to amend his complaint.[2] (Doc. no. 12.) That same day, the Court also issued a Report and Recommendation that the motion for a preliminary injunction be summarily denied because: 1) Plaintiff had not yet "clearly identified the claims he wishes to pursue in this case;" and 2) Plaintiff's motion did not satisfy "the specificity requirement of Rule 65(d)." (Doc. no. 13, pp. 1-2.) The presiding District Judge adopted the Court's recommendation and denied the motion. (Doc. no. 16.)

Meanwhile, Plaintiff filed an amended complaint and a motion for a temporary restraining order. (Doc. nos. 15, 17.) On June 6, 2006, this Court issued a Report and Recommendation 1) that the amended complaint be dismissed pursuant to § 1915(e), and 2) that the motion for a temporary restraining order be denied. (Doc. no. 18.) Plaintiff's amended complaint and motion for a temporary restraining order posed two key problems.

First, the amended complaint omitted any reference to events or individuals at ASMP, leaving only private individuals and entities (excepting only a nebulous reference to the State of Georgia) as Defendants. The amended complaint also omitted Plaintiff's claims against

---

[2]Upon determining that Plaintiff's claims "did not arise out of the same 'transaction or occurrence,' share a 'logical relationship,' or involve all the entities and individuals named in the original complaint, the Court ordered Plaintiff to amend his complaint and to select a group of related claims to pursue." (Doc. no. 18, p. 2 (citing doc. no. 12, pp. 3-5).)

2

the Georgia Board of Pardons and Paroles ("Board") regarding the revocation of his medical reprieve. In short, the claims in Plaintiff's amended complaint "pertain[ed] solely to injustices Plaintiff purportedly suffered while a patient at a private nursing home." (Id. at 6.) Thus, as the Court's June 6th Report and Recommendation explains, Plaintiff's amended complaint removed the only arguably valid § 1983 claims from his complaint. (See id. at 4-8.)

On the other hand, Plaintiff's motion for a temporary restraining order complained of conditions at ASMP and seemed to repeat Plaintiff's previous request for an order requiring officials at ASMP to obey the law. (Id. at 5-6.) The motion made no attempt to further amend the complaint or to name any Defendant associated with ASMP. Noting that Plaintiff had removed his ASMP-related claims and Defendants from his amended complaint and that Plaintiff had once again failed to satisfy Fed. R. Civ. P. 65(d), the Court recommended that the motion for injunctive relief be denied. (Id. at 5-6.)

Rather than filing objections to the Court's June 6th Report and Recommendation, Plaintiff filed the motion for a preliminary injunction now before the Court. (Doc. no. 20.) Therein, Plaintiff alleges that the Board has given him a new medical reprieve or parole. (Id. at 1.) However, Plaintiff has not actually been released from prison because "no nursing home can be found that will take him." (Id.) Because "healthy" people who are granted parole are immediately released from prison, Plaintiff argues that his continued custody is illegal. (Id. at 2.) Plaintiff also offers the confusing and conclusory allegation that ASMP is now holding him in "retaliation" for filing the instant lawsuit. (Id.) Finally, Plaintiff also argues that his continued detention constitutes illegal discrimination in violation of the ADA. (Id.) As relief, Plaintiff requests the Court to order his immediate release. (Id. at 3.)

3

## II.  DISCUSSION

The Court has explained to Plaintiff that his claims regarding the Home, conditions at ASMP, and his medical reprieve/parole are not related and cannot be brought in the same lawsuit. (See doc. no. 12.) In his amended complaint, Plaintiff chose to pursue his claims against the Home. (See doc. no. 15.) Plaintiff unequivocally stated his intent to proceed with his claims "only as to [the] Swainsboro nursing home employees." (Id. at 1.) Unfortunately, as the Court explained in its June 6th Report and Recommendation, because the Home and its employees are not "state actors," those claims cannot form the basis of a § 1983 action. (See doc. no. 18.) Nor may Title II of the ADA, which pertains to public entities, be applied to private persons or entities. See 42 U.S. § 12131, *et seq*.

Inexplicably, after electing to proceed on his claims against the Home in his amended complaint, Plaintiff filed a motion for temporary restraining order in which he complained of conditions at ASMP. Similarly, the instant motion for a preliminary injunction seeks to revive Plaintiff's claims regarding his medical reprieve. In ordering Plaintiff to amend his complaint, the Court specifically told Plaintiff that his amended complaint would supercede all other documents. The Court also instructed Plaintiff to include all Defendants in both the caption and body of his amended complaint and to state all claims he "wish[ed] the Court to consider as a basis for awarding the relief sought." (Doc. no. 12, p. 6.) Plaintiff's instant motion, like his prior motion for a temporary restraining order, ignores those instructions.

Plaintiff cannot amend his complaint by including new factual allegations in motions filed with the Court which do not explain who allegedly wronged Plaintiff or when the alleged wrongs took place. Furthermore, Plaintiff may not amend his complaint without obtaining leave of court. Fed. R. Civ. P. 15(a). More to the point, the only named

4

Defendants in this action are private individuals and entities who have nothing to do with conditions at ASMP or Plaintiff's incarceration. As the Court has already explained to Plaintiff, "an injunction or temporary restraining order is 'binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.'" (Doc. no. 18, p. 5 (quoting Fed. R. Civ. P. 65(d)).) Thus, Plaintiff's pending motion, like his prior motion for a temporary restraining order, should be denied.

Regardless, a party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537. Given the Court's conclusion that this case should be dismissed for failure to state a viable claim, Plaintiff has clearly failed to show a substantial likelihood of success on the merits. Thus, the motion for a preliminary injunction should be denied.

Furthermore, to the extent Plaintiff's motion for a preliminary injunction may be construed as a request for leave to amend his complaint, the proposed amendment is futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining

that leave to amend should be freely given, but is properly denied when any amendment would be futile). Plaintiff's pending motion challenges the fact and duration of his confinement. Such claims are appropriately brought in a petition for a writ of habeas corpus (after exhausting state court remedies), not a civil rights complaint under § 1983. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

This is not to say that a Georgia prisoner may never challenge the Board's rules or procedures in a § 1983 action. See, e.g., Thomas v. Ga. State Bd. of Pardons and Paroles, 881 F.2d 1032, 1033 (11th Cir. 1989). However, Plaintiff does not seek to prevent the Board from applying an allegedly unconstitutional procedure or policy. Instead, he seeks his immediate release. Thus, the claims raised in the instant motion sound in habeas corpus, rather than in tort. See, e.g., Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996) ("If what Urrutia seeks is a release from custody, his complaint sounds in habeas corpus, not civil rights.").

Regardless, assuming *arguendo* that Plaintiff is attempting to bring an equal protection challenge to a discriminatory policy of the Board, his claims fail because he does not allege that "he is similarly situated with other prisoners who received more favorable treatment." Jones v. Ray, 279 F.3d 944, 947 (11th Cir. 2001) (*per curiam*) (internal quotation omitted). In this regard, Plaintiff's allegation that he has been treated differently than "healthy" prisoners seems illogical, given that healthy inmates would not be considered

for a medical reprieve. Furthermore, to the extent Plaintiff alleges that he has some liberty interest in parole or a medical reprieve, he is mistaken. Georgia prisoners have no protected due-process liberty interest in parole. See Jones, 279 F.3d at 946 (citing Sultenfuss v. Snow, 35 F.3d 1494, 1501-03 (11th Cir. 1994) (*en banc*)). More generally, "there is no federal constitutional right to parole." Id. at 946. Simply put, the Constitution provides no basis for Plaintiff's contention that he is entitled to be released from prison before the expiration of his lawful sentence. See, e.g., Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998) ("A convicted prisoner does not have a constitutional right to be released before the expiration of a valid sentence.").

Of course, the Court recognizes that Title II of the ADA applies to prisoners. See Penn. Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). However, the ADA does not provide any basis for Plaintiff's notion that his alleged disability *entitles* him to a medical reprieve or parole. Plaintiff's conclusory allegation that he is entitled to immediate release makes no attempt to show that the Board's policies or procedures operate to the disadvantage of inmates with disabilities. Indeed, Plaintiff avers that the Board has actually given him a new medical reprieve, but that he cannot be released from prison until a nursing home can be found that will take him. (Doc. no. 20, p. 2.) Put plainly, Plaintiff has not alleged that the Board denies parole to inmates on the basis of their disabilities.

Rather, Plaintiff seeks to attack a condition of his medical reprieve/parole: that Plaintiff may be paroled only to a nursing home. Quite aside from the fact that Plaintiff is seeking his immediate release, because challenges to parole conditions attack restraints on the parolee's liberty, such claims are properly brought in habeas petitions, not civil rights

7

complaints. See Williams v. Wisc., 336 F.3d 576, 579-80 (7th Cir. 2003) (attempt to challenge condition of parole or probation must be brought in petition for writ of habeas corpus); Coronado v. United States Bd. of Parole, 540 F.2d 216, 217 (5th Cir. 1976) (challenge to "mandatory release conditions" is a habeas claim); De La Cerda v. Dretke, Civ. A. No. H-05-1270, 2005 WL 2656349, at *6 (S.D. Tex. Oct. 17, 2005); but see Yahweh v. United States Parole Com'n, 158 F. Supp.2d 1332, 1338 (S.D. Fla. 2001) (federal prisoner could challenge prospective conditions of parole in civil rights action). Simply put, any attempt to challenge the timing of his release or the terms and conditions of his parole must be made in a petition for writ of habeas corpus, not a civil rights complaint. Thus, Plaintiff's instant motion does not provide any cognizable basis for relief under § 1983 or Title II of the ADA.

In sum, the instant motion neither shows that Plaintiff is entitled to a preliminary injunction nor alters the Court's conclusion that Plaintiff's case is subject to dismissal for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction (doc. no. 20) be **DENIED**.

SO REPORTED and RECOMMENDED this 22nd day of June, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8